IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DON A. HOWARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | CIV-09-1017-F |
| v. | ) | |
| | ) | |
| BRANDI BIRCHFIELD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se,* brings this civil rights action pursuant to 42 U.S.C. §1983. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that the Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* be denied without prejudice and the cause of action be dismissed without prejudice upon filing pursuant to 28 U.S.C. §§ 1406(a), 1391(b), and 1915(e) for improper venue.

In his Complaint filed September 16, 2009, Plaintiff asserts that Defendants Birchfield and Holland, who are identified as correctional officials residing in Atoka, Oklahoma, are liable to him under 42 U.S.C. § 1983 for deliberate indifference to his medical needs during his current confinement at the Howard McLeod Correctional Center located in Atoka, Oklahoma. Complaint, at 1-5. The Complaint alleges that Defendants were acting under color of state law in Atoka, Oklahoma, at the time of the events forming the basis for the

lawsuit.

According to Plaintiff's allegations, the only named Defendants are employed and reside in Atoka County, Oklahoma.  Atoka County is located within the confines of the United States District Court for the Eastern District of Oklahoma. 28 U.S.C. § 116(b).  All of the events forming the basis for this action allegedly occurred within the confines of the Eastern District of Oklahoma.  Additionally, Plaintiff is incarcerated at the Howard McLeod Correctional Center located in Atoka, Atoka County, Oklahoma, which is within the confines of the United States District Court for the Eastern District of Oklahoma.  28 U.S.C. § 116(b). Yeary

Because 42 U.S.C. § 1983 does not contain a specific venue provision, venue for a §1983 action is determined by the general venue statute, 28 U.S.C. § 1391(b).  Under that statute, venue is clearly improper in this Court as no Defendant resides within the Western District and no events are alleged to have occurred within the Western District. 28 U.S.C. §1391(b).  In "certain limited circumstances" where the defense of improper venue "is obvious from the face of the complaint and no further factual record is required to be developed" and "it is clear that the plaintiff can allege no set of facts to support ..." venue, the Court has the authority under 28 U.S.C. § 1915(e) to *sua sponte* dismiss the cause of action. Trujillo v. Williams, 465 F.3d 1210, 1217 (10th Cir. 2006)(internal quotations and citation omitted).

In this action, Plaintiff can allege no set of facts to support venue in this judicial district under §1391(b), and therefore the Court may exercise its discretion to dismiss the

instant action. Although the Court may, in its discretion, transfer this matter to the proper district under 28 U.S.C. § 1406(a), the Court's discretionary authority to transfer a matter to another district is the preferred action when it is "in the interest of justice" to do so. In this case, Plaintiff has paid no filing fee, and the matter has only been pending in this Court for a few days. Therefore, Plaintiff will experience no prejudice as a result of a dismissal of the action, as opposed to an order transferring the matter to another district. Accordingly, the cause of action should be dismissed without prejudice to its filing in the proper district pursuant to 28 U.S.C. § 1915(e). See Johnson v. Christopher, 233 Fed. Appx. 852, 2007 WL 1446085 (10th Cir. May 17, 2007)(unpublished op.)(upholding *sua sponte* dismissal of action without prejudice for improper venue pursuant to 28 U.S.C. §§ 1406(a) and 1391(b)).

RECOMMENDATION

Based on the foregoing findings, it is recommended that the Motion for Leave to Proceed *In Forma Pauperis* (Doc. # 2) be DENIED without prejudice and the cause of action be *sua sponte* DISMISSED without prejudice for improper venue. Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by October 12th    , 2009, in accordance with 28 U.S.C. § 636 and LCvR 72.1. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this ___21st___ day of ___September___, 2009.

/s/ Gary M. Purcell
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE